Mathews, J.
I concur in the opinion delivered by judge Martin. The right of a master to correct his apprentice for negligence. *47 or misbehaviour, provided he does it with moderation, is expressly recognised by our Civil Code. The different degrees within which correction of this kind ought to be limited, by the term moderation, must be governed by the extent and nature of the offence committed by the apprentice. In the present case, it appears by the evidence, that the chastisement was inflicted, in consequence of the apprentice having wounded a slave of the appellant, whilst they were employed in the business of their master. Whether from the instrument used, or manner of giving the wound, it had a tendency to do a serious injury to the slave, does not appear. But the conduct of the plaintiff’s son was certainly a gross violation of the order which ought to prevail in the shop of a mechanic, and which, it is probable, cannot be supported without strict discipline and a full portion of correction, properly applied. Although the punishment complained of in this suit, appears to have been somewhat severe; and although it is unpleasant, in consequence of the feeling which may be presumed to be excited between the parties, to place the apprentice again in the power of his master; yet I do *48 not think, that the circumstances of the case, as disclosed by the evidence, are sufficient to authorise a court of justice to release the former from his apprenticeship; especially as it is a single act of correction, and nothing appears, which shews any deliberate cruelty on the part of the appellant towards his apprentices.
Preston for the plaintiff, Hennen for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the cost of the appeal be borne by the defendant.